UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ALAIN CHARLES,

       Plaintiff,

vs.

CONVERGENT OUTSOURCING, INC.,

       Defendant.

_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, ALAIN CHARLES, by and through undersigned counsel, and brings this action against the Defendant, CONVERGENT OUTSOURCING, INC. ("CONVERGENT"), and as grounds thereof would allege as follows:

## INTRODUCTION

1. This action is brought by a consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA).

2. The FDCPA prevents debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial

*FD-2266*

questions of federal law. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1441 (a), (b) and (c)

4. Venue in this District is proper because Plaintiff resides here and Defendant does business and places phone calls into this District, and because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## PARTIES

5. At all times relevant to this Complaint, Defendant, CONVERGENT was and is a foreign corporation, formed under the laws of the State of Washinton has its principal place of business in Renton, Washington.

6. At all times relevant to this Complaint, CONVERGENT regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

7. At all times relevant to this Complaint, CONVERGENT regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

8. At all times relevant to this Complaint, CONVERGENT was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

9. At all times relevant to this Complaint, the Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by 15 U.S.C.

*FD-2266*

1692(a)(3), and/or a person with standing to bring a claim under the FDCPA by virtue of being directly affected by violations of the Acts.

10. At all times material hereto, the debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

## BACKGROUND AND GENERAL ALLEGATIONS

11. Defendant sought to collect a debt from Plaintiff arising from an alleged debt incurred by Plaintiff for personal, family, or household purposes; more specifically, the debt at issue was a alleged debt owed to Sprint for phone service disconnected in 2006.

12. On or about September 16, 2014, at or about 4:50 p.m., Defendant placed a telephone call to Plaintiff's cellular telephone number in an attempt to collect upon the alleged debt.

13. The call originated from 305-894-0999, which is registered or otherwise associated with Defendant.

14. The (305) area code is assigned to Miami, Florida, Miami-Dade County, and the part of Monroe County in the Florida Keys. http://en.wikipedia.org/wiki/Area_codes_305_and_786 (Last visited September 24, 2014).

15. Upon information and belief, Defendant does not have a location or employ any individuals in Miami-Dade County or in (305) area code, yet places calls from a telephone number with a (305) area code.

*FD-2266*

16. Upon information and belief, this is done solely to misrepresent the origin of the call and to induce the unsuspecting consumer to answer what he thinks is a local call—one that Defendant knows the average consumer is more likely to answer than an unknown long-distance number.

## COUNT I-VIOLATION OF FDCPA: 15 USC 1692(e)(10)

17. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 16.

18. 15 U.S.C. §1692e(10) states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §1692e(10)

19. Plaintiff's telephone phone number begins with a 305 area code. Defendant does not have an office located within the 305 area code.

20. Upon information and belief, Defendant uses a local area code so as to induce an unsuspecting consumer to answer the call as the average consumer is more likely to answer a call from an unknown number in his/her local area code than an unknown number in a foreign area code.

21. Defendant's actions of placing calls using a local area code when

*FD-2266*

Defendant does not maintain even a single office or location in that area code falsely represented from where the calls were originated and was designed to deceive the Plaintiff into answering Defendant's telephone calls.

22. Defendant, through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. §1692e(10).

23. Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant CONVERGENT for statutory damages, along with costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

## DEMAND FOR JURY TRIAL

Plaintiff, ALAIN CHARLES, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ *Yechezkel Rodal*
Yechezkel Rodal, Esq.
Florida Bar Number: 91210
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave., 2nd Floor
Ft. Lauderdale, Florida 33316
Telephone:  (954) 523-4357
Facsimile:   (954) 581-2786
E-mail: Chezky@Floridaloanlawyers.com

FD-2266